UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

WILLIAM MCKETHAN,

                           Plaintiff,

           -v-

NEW YORK STATE DEPARTMENT OF
CORRECTIONAL SERVICES et al.,

                          Defendants.

------------------------------------------------------------X

10 Civ. 3826 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

Plaintiff William McKethan, appearing *pro se*, moves: (1) for leave to amend his complaint a third time (Dkt. 40); (2) for the appointment of pro bono counsel (Dkt. 47); and (3) to compel production of documents (Dkt. 48). For the following reasons, McKethan's motions are denied.

I.    **Background**

The Court assumes familiarity with the facts and procedural history of this case, which are detailed in the thorough September 16, 2011 Opinion of the Hon. Naomi Reice Buchwald, to whom this case was then assigned, denying defendants' motion to dismiss and granting in part and denying in part McKethan's motion for leave to amend his complaint a second time.[1] *See McKethan v. N.Y. State Dep't of Corr. Svcs.*, No. 10-cv-3826, 2011 WL 4357375 (S.D.N.Y. Sept. 16, 2011) (hereinafter, the "September 16 Opinion").

---

[1] Because the Court is denying McKethan's motion for leave to file a third amended complaint, the second amended complaint remains the operative pleading in this matter. Thus, the facts set out by Judge Buchwald in the September 16 Opinion remain the governing facts in this case.

1

Because it is relevant to McKethan's request to amend his complaint a third time, and provides the law of the case, the Court reviews the portion of Judge Buchwald's decision in which she addressed plaintiff's motion for leave to amend. Judge Buchwald first denied McKethan's request to amend his complaint to seek relief in the form of altering this district's order in *Marria v. Broaddus*, No. 97-cv-8297, 2004 WL 1724984 (S.D.N.Y. July 30, 2004). In her Opinion, Judge Buchwald succinctly recounts the opinion in *Marria*. *See McKethan*, 2011 WL 4357375, at *2 & n.4. In short, *Marria* held that adherents of the Nation of Gods and Earth were entitled to protection under the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). Pursuant to *Marria*, the Department of Corrections (now called the Department of Corrections and Community Supervision, or "DOCCS") has promulgated a court-approved set of protocols to protect the rights of these adherents. Judge Buchwald found that McKethan sought to have behavior on the part of DOCCS declared unconstitutional and illegal that had already been declared constitutional and RLUIPA-compliant by this district in *Marria*, and thus that this proposed amendment was futile. Judge Buchwald then denied McKethan's request to amend his complaint to allege that DOCCS was not properly complying with the order of the court in *Marria*, noting that there was no evidence of non-compliance during the seven years since the opinion had issued, and further noting that even McKethan himself did not seek an injunction compelling DOCCS to comply. Finally, Judge Buchwald granted McKethan's request to amend his complaint to include allegations that corrections officers had improperly confiscated his universal crown (a piece of religious headgear worn by adherents), and to seek an order compelling DOCCS to permit the wearing of universal crowns.

II.     **Leave to Amend the Complaint a Third Time**

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave" and instructs that "[t]he court should freely give leave when justice so requires." "'[I]t is within the sound discretion of the district court to grant or deny leave to amend.'" *Barbata v. Latamie*, No. 11-cv-7381, 2012 WL 1986981, at *2 (S.D.N.Y. June 4, 2012) (slip op.) (quoting *Green v. Mattingly*, 585 F.3d 97, 104 (2d Cir. 2009)). Leave to amend may be denied for "'good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party.'" *Barbata*, 2012 WL 1986981, at *2 (quoting *Holmes v. Grubman*, 568 F.3d 329, 334 (2d Cir. 2009)).

In his motion for leave to amend the complaint a third time, McKethan seeks to: (1) add eight additional defendants; (2) bring allegations that actions taken by DOCCS officials pursuant to the *Marria* protocols violate the First Amendment, RLUIPA, and other federal statutes; (3) add a claim seeking revision of the *Marria* protocols; and (4) plead additional facts pertaining to a separate incident in which his universal crown was confiscated, on October 24, 2011.

McKethan previously sought to amend his complaint to seek revision of the *Marria* protocols, as well as to argue that the protocols are unconstitutional. As discussed, *supra*, at section I, Judge Buchwald denied these requests in the September 16 Opinion. Under the law of the case, therefore, McKethan's renewed request to amend his complaint to add these two claims is denied, as is his request to add those defendants he avers were involved in the alleged instances supposedly giving rise to such claims. *See F.T.C. v. Consumer Health Benefits Ass'n*, No. 10-cv-3551, 2012 WL 1890242, at *4 (E.D.N.Y. May 23, 2012) (slip op.) ("The law of the case doctrine 'posits that when a court decides upon a rule of law, that decision should continue

3

to govern the same issues in subsequent stages in the same case.'") (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)).

Although McKethan does not now seek an order compelling the return of his universal crown, he does include new factual allegations, not included in the second amended complaint, concerning an incident on October 24, 2011, in which an Officer Husson confiscated McKethan's universal crown, allegedly at the direction of a Sergeant Mitchell. (Neither Husson nor Mitchell are currently named defendants in this action, although they are among the eight new defendants McKethan seeks to amend his complaint to name.)

McKethan's request to amend his complaint to add these factual allegations is denied. The original complaint in this action was filed on May 10, 2010, and, during the past two years, McKethan has twice been given leave to amend it. By order dated December 7, 2011, this Court ruled that discovery would close 60 days after McKethan served defendant C. Lindquist with a copy of the second amended complaint and summons (Dkt. 28). The Court further ordered that, within 15 days of the close of fact discovery, each party was to submit a status letter to the Court, stating whether any party intended to move for summary judgment (Dkt. 28). Defendant Lindquist was served on January 20, 2012. Accordingly, discovery in this matter closed on March 20, 2012. McKethan's motion for leave to amend his complaint a third time was filed on February 23, 2012 (Dkt. 40), three weeks before the close of discovery in a case that has been pending for two years. McKethan's proposed addition of a new incident, involving multiple defendants who were not named in any of the original complaint, the amended complaint, or the second amended complaint, would prejudice defendants, who would have no choice but to expend additional resources on reopened discovery. *See, e.g., Sorrell v. Inc. Vill. of Lynbrook*, No. 10-cv-49, 2012 WL 1999642, at *10 (E.D.N.Y. June 4, 2012) (slip op.) ("[i]n determining

whether leave to amend should be granted, among the most important issues to consider is prejudice to the opposing party," including the prejudice of "expend[ing] significant additional resources to conduct discovery") (internal quotation marks omitted). In analyzing the prejudice to defendants, the Court also notes that allowing McKethan to amend his complaint a third time would further delay the disposition of a case that has been pending for over two years. At some point, defendants have a right to a final disposition of this matter, *see Sorrell*, 2012 WL 1999642, at *10 (courts must consider whether amending the complaint would "significantly prolong the resolution of the action"), and that point has passed in this case.

### III.   Appointment of Pro Bono Counsel

On April 4, 2012, McKethan, who is proceeding *in forma pauperis*, submitted a renewed application for the appointment of pro bono counsel.

When evaluating such an application for counsel by a plaintiff who is proceeding *in forma pauperis*, a court must first determine as a threshold matter whether the position taken by the plaintiff "seems likely to be of substance." *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986). If the plaintiff's position survives this threshold inquiry, the court must then proceed to consider other factors, including "the plaintiff's ability to pay for private counsel, his efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." *Cooper v. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989) (per curiam). In considering such requests, district courts must be mindful of the fact that "[v]olunteer lawyer time is a precious commodity," and therefore applications for appointment of counsel should not be granted "indiscriminately." *Id.* at 173.

Based on the evidence submitted to date, the Court cannot find that McKethan has brought claims which are sufficiently likely to be meritorious to support the appointment of pro

5

bono counsel. For example, the Court has not, to date, been made aware of evidence adduced in discovery that would tend to show that McKethan's claims are likely to be of substance. For this reason, his application is denied without prejudice to renewal at a later time.

## IV.   Compel Production of Documents

On April 4, 2012, McKethan filed a motion to compel defendants to produce discovery he claims is relevant but has not been produced. Specifically, he seeks discovery relating to defendant T. Riddick's suspension, which occurred after the incidents alleged in the complaint. McKethan argues this is relevant because it pertains to Riddick's job performance, character, and credibility, all of which are relevant to his claims against her.

McKethan's motion to compel production of documents is identical to an earlier request of his, made via letter dated February 6, 2012. There, McKethan requested a conference to resolve discovery disputes between the parties, and set out the disputes for the Court. In an order dated February 24, 2012 (Dkt. 38), the Court denied McKethan's request for a conference, and likewise denied him the discovery he sought. Among that discovery was "all documents pertaining to defendant T. Riddick's suspension in 2008." In denying McKethan's request, the Court noted that:

> Under New York Civil Rights Law § 50-a, the personnel records of corrections officers are considered confidential, and are not subject to review absent a court order issued after a hearing. Defendants argue, in their letter, that production of defendant Riddick's personnel records to plaintiff, who remains incarcerated within DOCCS at this time, would be disruptive to the functioning of the correctional facility. The Court agrees. Further, defendants have represented to plaintiff and to the Court that defendant Riddick's suspension did not relate to the providing of false information or the denial of religious rights, the claims which plaintiff alleges against Riddick.

6

McKethan's current motion to compel the production of documents is identical to his earlier request; thus, the Court's earlier ruling squarely disposes of this motion. McKethan's motion to compel is, therefore, denied.

## CONCLUSION

For the foregoing reasons, McKethan's motions for leave to amend the complaint a third time, for the appointment of pro bono counsel, and to compel the production of documents are DENIED. The Clerk of Court is instructed to terminate the motions pending at docket entries 40, 47, and 48.

SO ORDERED.

*Paul A. Engelmayer*

Paul A. Engelmayer
United States District Judge

Dated: June 19, 2012
New York, New York