UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
WILLIAM MCKETHAN, :
:
                                Plaintiff, :      10 Civ. 3826 (PAE)
:
                                -v- :      <u>OPINION & ORDER</u>
:
NEW YORK STATE DEPARTMENT OF :
CORRECTIONAL SERVICES et al., :
:
                                Defendants. :
:
------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

      Plaintiff William McKethan, proceeding *pro se*, brings this action for injunctive and monetary relief for alleged violations of his rights under the First Amendment and the Religious Land Use and Institutionalized Persons Act against defendants T. Riddick, C. Lindquist, and Lesley Malin, in their individual capacities. McKethan is an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). Defendant Lindquist was, at the time of the incidents alleged in McKethan's second amended complaint, the Assistant Director of the Inmate Grievance Program at DOCCS. Lindquist, who was sued for injunctive relief only, has moved to dismiss the second amended complaint as against him for lack of subject matter jurisdiction, on the ground that he retired from DOCCS two and a half years ago. For the reasons that follow, Lindquist's motion is granted.

**I.    Background**

      The Court assumes familiarity with the facts and procedural history of this case, which are detailed in the thorough September 16, 2011 Opinion of the Hon. Naomi Reice Buchwald, to

1

whom this case was then assigned, denying defendants' motion to dismiss and granting in part and denying in part McKethan's motion for leave to amend his complaint a second time. *See McKethan v. N.Y. State Dep't of Corr. Svcs.*, No. 10-cv-3826, 2011 WL 4357375 (S.D.N.Y. Sept. 16, 2011). In short, to the extent that the allegations in the second amended complaint relate to Lindquist, McKethan avers that Lindquist, in his capacity as Assistant Director of the Inmate Grievance Program, denied McKethan's grievance challenging the confiscation of his universal crown (a piece of religious headgear) while McKethan was an inmate at Eastern Correctional Facility. McKethan also avers that Lindquist ordered DOCCS staff to confiscate his universal crown for a second time, an action which McKethan also challenged through the prison's grievance procedure.

## II.     Standard on a 12(b)(1) Motion to Dismiss

Because federal courts are courts of limited jurisdiction, a claim must be dismissed if a court lacks subject matter jurisdiction over it. *See Frontera Resources Azerbaijan Corp. v. State Oil Co. of Azerbaijan Republic*, 582 F.3d 393, 397 (2d Cir. 2009). On a motion to dismiss for lack of subject matter jurisdiction filed pursuant to Federal Rule of Civil Procedure 12(b)(1), "a court is not limited to the face of the complaint and may consider evidence outside the pleadings to resolve disputed factual issues." *Pinkard v. New York City Dep't of Educ.*, No. 11-cv-5540, 2012 WL 1592520, at *5 (S.D.N.Y. May 2, 2012) (citing *State Emp. Bargaining Agent Coal v. Rowland*, 494 F.3d 71, 77 n.4 (2d Cir. 2007)). "'The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence.'" *Easton LLC v. Inc. Vill. of Muttontown*, No. cv-11-4791, 2012 WL 1458211, at *3 (E.D.N.Y. Apr. 27, 2012) (quoting *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005)) (additional internal quotation marks and citations omitted).

When a claim is moot, federal courts lack subject matter jurisdiction over that claim. *See AmeriCredit Fin. Svcs., Inc. v. Tompkins*, 604 F.3d753, 755 (2d Cir. 2010) (citing *Dean v. Blumenthal*, 577 F.3d 60, 64 (2d Cir. 2009)); *Fox v. Bd. of Trustees of State Univ. of N.Y.*, 42 F.3d 135, 140 (2d Cir. 1994) (citing *New York City Emps.' Retirement Sys. v. Dole Food Co.*, 969 F.2d 1430, 1433 (2d Cir. 1992)). "A case is moot . . . when 'the parties lack a legally cognizable interest in the outcome.'" *AmeriCredit Fin. Svcs.*, 604 F.3d at 755 (quoting *Fox*, 42 F.3d at 140).

### III. Analysis

McKethan's seeks only injunctive relief against Lindquist, in the form of an order compelling him, and others at DOCCS, to afford certain rights and privileges to adherents of McKethan's religious faith, the Nation of Gods and Earths, who are incarcerated within DOCCS. Lindquist no longer is employed by DOCCS in any capacity; he retired more than two years ago, in November 2009. Accordingly, were any injunction as to Lindquist to issue, it could not provide McKethan the relief he seeks. Additionally, although the parties dispute whether Lindquist had the ability to affect DOCCS policy at the time he was employed as the Assistant Director of the Inmate Grievance Program, it is clear that today, as a retiree, he has no such ability. "In making an officer of the state a party defendant in a suit to enjoin the enforcement of an act alleged to be unconstitutional, it is plain that such officer must have some connection with the enforcement of the act . . . ." *Ex parte Young*, 209 U.S. 123, 157 (1908). Under Second Circuit case law, an official need only have a connection with the act, and nothing more, for the *Ex parte Young* exception to apply. *See, e.g.*, *Pugh v. Goord*, 571 F. Supp. 2d 477, 517 (S.D.N.Y. 2008). Because Lindquist no longer has any connection to any action taken or not taken by DOCCS, and cannot control the conduct of its employees, and because an injunction

3

against him would therefore be futile in providing McKethan the relief he seeks, McKethan's claims against Lindquist are moot, and the second amended complaint is dismissed as to defendant Lindquist. *See, e.g., Corr. Officers Benevolent Assoc. v. Kralik*, No. 04-cv-2199, 2009 WL 856395, at *8 (S.D.N.Y. Mar. 26, 2009) (because a defendant no longer occupied the position which he occupied at the time of the underlying events, and therefore did "not have the official capacity necessary to enable him to comply with the injunctive relief sought," he had to be dismissed from the case) (citing *Randolph v. Rodgers*, 253 F.3d 342, 345-46 (8th Cir. 2001) (finding claim for injunctive relief moot as to four defendants who did not work at the prison to which plaintiff was transferred)).

## CONCLUSION

For the foregoing reasons, the motion to dismiss the second amended complaint as against defendant Lindquist is GRANTED. The Clerk of Court is instructed to terminate the motion pending at docket entry 35.

Any party wishing to move for summary judgment shall file motion papers no later than July 13, 2012. Opposition papers are due August 3, 2012; reply papers, if any, are due August 17, 2012. If neither party moves for summary judgment by the July 13, 2012 deadline, the Court will set this case down for trial.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: June 21, 2012
       New York, New York

4